UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVONNZY PIERSON,<br>　　Petitioner,<br>　　v.<br>ROBERT FOX,<br>　　Respondent. | Case No. 17-cv-00802-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 8 |

## INTRODUCTION

Petitioner Lavonnzy Pierson seeks federal habeas relief from a 2012 prison gang validation. Respondent moves to dismiss as untimely the petition for such relief. (Dkt. No. 8.) Pierson's petition is untimely and cannot be saved by statutory or equitable tolling. Accordingly, respondent's motion is GRANTED. The petition is DISMISSED. And, as I briefly explain, the petition would fail even if I examined the merits.

## BACKGROUND

The following facts are undisputed. In June 2012, Pierson's jailors at San Quentin State Prison validated him as a gang member. (Pet., Dkt. No. 1 at 12-13.) He exhausted his administrative remedies on September 17, 2013. (Mot. to Dismiss, Dkt. No. 8 at 2.) Ninety-two days later, on December 18, 2013, Pierson filed, with the assistance of counsel, a habeas petition in the state superior court, which denied it on April 4, 2014. (Pet., Dkt. No. 1 at 42.) Two hundred and seventy-five days (roughly 9 months) later, on January 5, 2015[1], he filed, again with the assistance of counsel, a habeas petition in the state appellate court. (Mot. to Dismiss, Dkt. No. 8-1 at 56.) The petition was denied on January 27,

---

[1] This is the filing date given by the state court clerk and which is printed at the top of the pages. (Mot. to Dismiss, Dkt. No. 8-1 at 56.) Respondent gives a different date, January 15, 2015. (*Id.*, Dkt. No. 8 at 3.)

2016. (*Id.* at 75.) Sixty-one days later, on March 28, 2016, he filed, this time apparently without counsel, a habeas petition in the state supreme court, which denied it on May 25, 2016. (*Id.* at 51.) Two hundred and twenty-nine days later, on January 9, 2017[2], Pierson filed pro se the instant federal habeas petition.

## DISCUSSION

### I. Motion to Dismiss

#### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through the exercise of due diligence. *See id.* § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

#### B. Timeliness of the Petition

Pierson had until September 18, 2014 (one year after he exhausted his administrative remedies) to file a timely federal habeas petition. The instant petition was filed (at the earliest) on January 9, 2017, which is well after the September 18, 2014

---

[2] Pierson is entitled to this filing date, rather than the February 17, 2017 date listed in the docket. The Court assumes that he put the petition in the prison mail the day he signed it (January 9, 2017) and will use that as the filing date under the prisoner mailbox rule. *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

deadline. On this record, without sufficient statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations and must be dismissed.

### 1. Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). The petition cannot be saved by statutory tolling.

Ninety-two days after Pierson exhausted his administrative remedies, he filed his first state habeas petition. It was denied by the superior court on April 4, 2014. Two hundred and seventy-five days later, he filed a habeas petition in the state appellate court. It was denied on January 27, 2016. A further 61 days passed before he filed a petition in the state supreme court. It was denied on May 25, 2016. Another 229 days passed between the date the state supreme court denied his petition and the date he filed the instant federal habeas petition. This amounts to 657 days of untolled time (92 + 275 + 61 + 229). This exceeds the one year habeas petitioners are allowed under AEDPA. Consequently, unless Pierson can show he is entitled to equitable tolling, the petition must be dismissed as untimely.

### 2. Equitable Tolling

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is not granted as a matter of course. In fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* (citation omitted).

Pierson asserts that he is entitled to equitable tolling because his attorney, Charles

3

Carbone, is at fault for the 275-day delay between the superior court's denial and the filing of his state appellate habeas petition. Pierson alleges that Carbone, despite his promises, failed to file an appellate petition within a reasonable amount of time after the superior court had denied the first petition; Carbone would not respond to petitioner's and petitioner's wife attempts to contact him after the superior court petition was denied; and Pierson had to hire another attorney to find out whether Carbone had in fact filed the appellate petition.

Pierson has submitted two letters in support of his argument. The first is from Carbone to Pierson, which makes clear that Carbone agreed to file a state habeas petition for him. However, because the letter undoubtedly relates solely to the superior court petition, it does not support the equitable tolling contention. The letter is dated November 10, 2013, which is roughly two months after Pierson exhausted his administrative remedies and roughly one month before his superior court petition was filed. Contrary to Pierson's assertion, (Traverse, Dkt. No. 13 at 10; Sur-Reply, Dkt. No. 17 at 3), nothing in the letter indicates that Carbone agreed to file a petition in the state appellate court or perform any other legal work for him. The only petition to which the letter relates is the one filed in the superior court.

The second letter is from a different attorney, William Schmidt, to Pierson. In it, he informs Pierson that he spoke with Carbone and discovered that he had filed a state appellate petition for Pierson. The letter is dated February 27, 2015, which is nearly two months after the appellate petition was filed. This letter supports Pierson's contention that he contacted another attorney for the purposes of communicating with Carbone. However, it offers no evidence about the prior attempts to contact Carbone. The only evidence the Court has of such attempts is Pierson's undetailed assertions that Carbone would not respond to his and his wife's efforts to contact him. (Traverse, Dkt. No. 13 at 10-11; Sur-Reply, Dkt. No. 17 at 3.) Such a sparse record is an insufficient basis on which to grant the extraordinary relief of equitable tolling.

4

But even if Pierson could establish that Carbone is at fault for the 275-day delay, his equitable tolling contention would not succeed. The other delay — the 229 days of untolled time between the state appellate court's denial and the filing of the instant federal petition — remains unaccounted for. If one discounts the 275-day delay entirely, there would still be 382 days of untolled time (92 + 61 + 229), which exceeds the one-year limitations period.

Pierson fails to show that he is entitled to equitable tolling. His petition will be dismissed as untimely.

## II. Merits

The petition would fail even if I considered the merits. Pierson's contention is that his jailors violated his right to due process when they (i) refused to allow him to present witnesses and evidence at his gang validation hearing; and (ii) found him guilty based on insufficient evidence.[3] The state courts denied these claims on the merits.

The first claim fails because it is conclusory. Pierson does not state what witnesses he would have called, what matters they would have testified to, what evidence they could have presented, and how their testimony would have affected the outcome of the proceeding. He does not even allege that he asked to present witnesses but was denied. Rather than posing general allegations, a federal habeas petition "is expected to state facts that point to a real possibility of constitutional error." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (internal quotation marks and citation omitted). Conclusory allegations, such as the ones here, are not sufficient.

The second claim fails because there was sufficient evidence to support the disciplinary decision. Three CDCR memos from 2012, 2011, and 2002 were presented at the hearing. Each contained information from a confidential informant that Pierson was a

---

[3] Pierson's claim that the disciplinary decision failed to comport with state law cannot succeed. Violations of state law are not remediable on federal habeas corpus review even if state law were erroneously interpreted or applied. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

5

1 long-time member of a prison gang, which he at times led and recruited for. (Mot. to
2 Dismiss, Dkt. No. 8-1 at 6.) Such evidence satisfies the "some evidence" standard
3 required for prison disciplinary decisions. *See Superintendent v. Hill*, 472 U.S. 445, 454
4 (1985).

The state courts rejected Pierson's claims on the merits. Because there is some evidence in the record to support the prison's decision, if I reviewed the merits I could not say that there was "no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 97-98 (2011).

## CONCLUSION

Respondent's motion to dismiss the petition as untimely (Docket No. 8) is GRANTED. The petition is DISMISSED.

A certificate of appealability will not issue. Pierson has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Pierson may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

The petition would fail even if I reviewed the merits.

The Clerk shall enter judgment in favor of respondent, terminate Docket No. 8, and close the file.

**IT IS SO ORDERED.**

**Dated:** March 5, 2018



WILLIAM H. ORRICK
United States District Judge